# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# EASTERN DIVISION

JAMES GRACEY,
ADC #85310                                                                                    PLAINTIFF

V.                                    2:11CV00074 SWW/JTR

BARNES, Lieutenant,
East Arkansas Regional Unit,
Arkansas Department of Correction, et al.                                      DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

    1.    Why the record made before the Magistrate Judge is inadequate.

    2.    Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

    3.    An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

### I. Introduction

Plaintiff, James Gracey, who is a prisoner in the East Arkansas Regional Unit of the Arkansas Department of Correction, has commenced this *pro se* § 1983 action alleging that Defendants violated his constitutional rights. *See* docket entry #2. Pursuant to the screening function mandated by 28 U.S.C. § 1915A, the Court recommends that the case be dismissed, without prejudice, for failing to state a claim upon which relief may be granted.[1]

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).
    The Court is mindful that when making this determination, the court must "accept as true all factual allegations in the complaint, [while] giving no effect to conclusory allegations of law."

**II. Discussion**

Plaintiff alleges that, on November 11, 2010, Defendants moved him into a cell at the EARU with inmate Bryson. *See* docket entry #2. At the time, Plaintiff was on disciplinary court review ("DCR") status and Bryson was serving punitive time. *Id.* Later that evening, *Bryson allegedly hit himself in the face*, in an effort to get Plaintiff in trouble, and Bryson accused Plaintiff of attacking him. *Id.* Sometime thereafter, Plaintiff received a disciplinary conviction for fighting with Bryson. *Id.* As punishment, he was reduced in class and ordered to spend thirty days in punitive isolation. *Id.*

**A.     Due Process Claims**

Plaintiff contends that Defendants violated his due process rights by placing him in a cell with Bryson, despite the fact that an ADC policy prohibits inmates serving punitive time from being housed with prisoners on DCR status. However, it is well settled that prisoners do not have a constitutional right to enforce compliance with internal prison rules or regulations. *See Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir.2003); *Gardner v. Howard,* 109 F.3d 427, 430 (8th Cir.1 997); *Kennedy v. Blankenship,* 100 F.3d 640, 643 (8th Cir.1996).

Plaintiff also asserts that Defendants violated his due process rights when they wrongfully convicted him of a disciplinary infraction for fighting with Bryson. A prisoner may only maintain a due process challenge to a disciplinary proceeding if he is deemed to have a liberty interest at

---

*Stalley v. Catholic Health Initiatives*, 509 F.3d 517, 521 (8th Cir. 2007). Importantly, the complaint must "assert facts that affirmatively and plausibly suggest," "above the speculative level," that the plaintiff is entitled to relief and mere conclusions or a "formulaic recitation of the elements of a cause of action will not do." *Stalley,* 509 F.3d at 521; *see also Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007) (abrogating the "no set of facts" standard set forth in *Conely v. Gibson*, 355 U.S. 41, 45-46 (1957)). Nevertheless, in *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), the Supreme Court emphasized that a *pro se* prisoner's § 1983 complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers."

stake. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Phillips v. Norris,* 320 F.3d 844, 847 (8th Cir. 2003). In *Sandin,* and its progeny, courts have held that a prisoner does *not* have a liberty interest arising from being placed in punitive isolation for a relatively short time. *See Sandin*, 515 U.S. at 482-86 (holding that the due process clause applies only when prison officials impose an "atypical and significant hardship on an inmate in relation to the ordinary incidents of prison life"); *Portley-El v. Brill,* 288 F.3d 1063, 1065-66 (8th Cir. 2002) (holding that thirty days in punitive segregation was not an atypical and significant hardship, under *Sandin*); *Kennedy v. Blankenship*; 100 F.3d 640, 642-43 (8th Cir. 1996) (same).

Similarly, a prisoner does not have a liberty interest in maintaining a particular classification level. *See Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *Sanders v. Norris*, Case No. 05-2398, 2005 WL 2861952 (8th Cir. Nov. 2, 2005) (unpublished opinion); *Carney v. Houston*, 33 F.3d 893, 894 (8th Cir. 1994). Thus, Plaintiff has failed to state viable due process claims.

**B.     Failure to Protect Claim**

It appears Plaintiff may also be alleging that Defendants failed to protect him from harm when they housed him with Bryson. *See* docket entry #2. Ironically, based on Plaintiff's own allegations, Bryson attacked himself, *not* Plaintiff. This fact alone dooms Plaintiff's failure to protect claim. *See Young v. Selk*, 508 F.3d 868, 872 (8th Cir. 2007); *Lenz v. Wade*, 490 F.3d 991, 995-996 (8th Cir. 2007).

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.     This case be DISMISSED, WITHOUT PREJUDICE, for failing to state a claim upon which relief may be granted.

  2.  The dismissal of this action CONSTITUTE a strike as defined by 28 U.S.C. § 1915(g).

  3.  The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order and Judgment adopting this Recommended Disposition would not be taken in good faith.

  Dated this 27th day of April, 2011.

                _____
                UNITED STATES MAGISTRATE JUDGE